**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON**

CADENCE BANK, N.A. as successor in interest to
SUPERIOR BANK, N.A., as successor-in-interest to
SUPERIOR BANK, FSB by asset acquisition from the
FDIC as receiver for SUPERIOR BANK FSB,

    Plaintiff,   Case No. 8:13-cv-787-T-30EAJ

v.

CLARK ROAD CASTLE, LLC, et al.

    Defendants.
_____/

## AGREED FORECLOSURE JUDGMENT

THIS CAUSE came before the Court, for consideration of the "Settlement Stipulation" (the "Stipulation") [Doc. No. 55] filed jointly by Cadence Bank, N.A., as successor in interest to Superior Bank, N.A., as successor-in-interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB (the "Bank"), and Clark Road Castle, LLC (the "Borrower"), John Proctor ("Proctor"), Duane Magnuson ("Magnuson"), together, the "Obligor Defendants," and Jeffry Sedacca ("Sedacca"),[1] all of whom are together referred to herein as the Parties.  Pursuant to the entry of this Agreed Foreclosure Judgment.

This action was initiated by the Bank on March 27, 2013, for in rem and in personam relief against the Defendants relating to one (1) obligation (the "Obligation") secured by real property and improvements located in Sarasota County, Florida (the "Mortgaged Property").  The Obligation is evidenced by loan, security, perfection, and guaranty documents executed and

---

[1] Sedacca agrees to the entry of this Agreed Foreclosure Judgment for the sole purpose of confirming that he claims no right, title, or interest in the Mortgaged Property.

delivered by the Defendants to the Bank (the "Loan Documents").  On August 8, 2013, the Bank filed its "Amended Verified Complaint" (the "Complaint") [Doc. No. 33].  The counts comprising the Complaint are described as follows:

    a. Count I, for damages against the Borrower for suit on the Loan Documents, for the full amount of the Obligation;

    b. Count II, for damages against J. Proctor, D. Magnuson, and J. Sedacca on the guaranties contained within the Loan Documents for the full amount of the Obligation; and

    c. Count III, to foreclose the Bank's security interest and lien on the Mortgaged Property; and

    d. Count IV, for receivership over the Mortgaged Property.

The Court notes that the Complaint seeks to foreclose any interest of Christian Family Church of Sarasota, Inc. (the "Tenant") in the Mortgaged Property.  The Tenant has not answered or otherwise responded to the Complaint, and the Clerk of Court entered a default against the Tenant on October 15, 2013. [Doc. No. 42].  Considering the foregoing, entry of this Agreed Foreclosure Judgment is consistent with the provisions of Federal Rule of Civil Procedure 55(b)(2).

The Court, having considered the Complaint, the Stipulation, and all other pleadings and documents of record, is fully advised in this matter.  Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** as follows:

    1.    On the basis of the matters alleged in the Complaint, and established by the Bank, the Bank is owed the following sums of money representing the balance of the Obligation:

| | |
|---|---|
| Principal: | $1,439,726.47 |
| Interest (as of 5/7/14, at $169.968888819 per diem): | $ 106,430.06 |

| | |
|---|---:|
| Appraisal Fees: | $ 10,250.00 |
| Environmental Fees: | $ 1,600.00 |
| Legal Fees and Costs (as of 5/1/14): | $ 30,345.29 |
| TOTAL: | $1,588,351.82 |

(the "Judgment Amount"). The Judgment Amount will bear interest at the statutory rate provided for judgments from the date of entry of this Judgment. This Agreed Foreclosure Judgment shall be <u>in</u> <u>rem</u> only.

2. With respect to Count III of the Complaint, the Bank is entitled to entry of this Judgment, in its favor and against the Obligor Defendants, and all persons claiming under, through or against it. Specifically, the Bank is entitled to the entry of this Judgment foreclosing its interest in the Mortgaged Property, located in Sarasota County, Florida, and more fully described in Exhibit "A" hereto.

3. Further, with respect to Count III of the Complaint, as of the date of this Judgment, the Bank shall hold a lien upon the Mortgaged Property for the total sum specified in Paragraph 1 herein. The lien of the Bank is superior in dignity to any right, title, interest or claim of the Obligor Defendants, Sedacca, Tenant, and all persons, corporations, or other entities claiming by, through, or under the Obligor Defendants, Sedacca, Tenant, and the Mortgaged Property will be sold free and clear of all claims with the exception of any assessments of that are superior pursuant to <u>Florida Statutes</u> §§ 718.116. The Bank's lien encumbers the Mortgaged Property located in Sarasota County, Florida.

4. Pursuant to 28 U.S.C. §§ 2001 and 2002, the United States Marshal for the Middle District of Florida shall offer the Mortgaged Property for public sale to the highest and best bidder, subject to certain other rights as set forth in this order. No further order or action shall be required to effectuate the sale of the Mortgaged Property.

5. Before taking physical possession of the Mortgaged Property, the United States Marshal or the Marshal's representative shall have free access to the premises during reasonable business hours.

6. The sale by public auction shall be held at the Sarasota County Courthouse, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The United States Marshal shall promptly notify each of the following people of the date and time of the sale.

> John A. Anthony
> Allison C. Doucette
> Anthony & Partners, LLC
> 201 N. Franklin Street
> Suite 2800
> Tampa, Florida 33602
>
> Jay B. Verona, Esquire
> Shumaker, Loop & Kendrick, LLP
> 101 East Kennedy Boulevard, Suite 2800
> Tampa, Florida 33602
>
> Michael A. France, Esquire
> Michael A. France, P.A.
> 1515 Ringling Boulevard, Suite 800
> Sarasota, Florida 34236
>
> Christian Family Church of Sarasota, Inc.
> c/o Warren H. McGregor, Registered Agent
> 3675 Clark Road
> Sarasota, Florida 34233

7. The United States Marshal shall advertise the date and time of the sale by publishing a Notice of Marshal's Sale once a week for four consecutive weeks preceding the date fixed for the sale. The applicable advertisement shall appear in at least one newspaper regularly issued and of general circulation in Sarasota County. The notice shall describe the Mortgaged Property and the terms and conditions of sale set forth in this order.

8. The following terms and conditions govern the sale of the Mortgaged Property:

a. The sale is subject to any law, ordinance, and governmental regulation (including building and zoning ordinances) affecting the premises and any easement or restriction of record.

b. The proceeds of sale shall be used to pay the unpaid balance of the Judgment, any outstanding real property tax affecting the Mortgaged Property, and any assessments that are superior pursuant to Florida Statutes §§ 718.116 and 720.3085.

c. On the date of the sale, the successful bidder must deposit with the United States Marshal, either by cashier's check or certified bank check, a minimum of 10% of the amount bid on the date of the sale.

d. The successful bidder shall tender the balance of the purchase price to the United States Marshal within forty-eight (48) hours following the date of the sale. Payments shall be made by cashier's check payable to the United States Marshal for the Middle District of Florida. If a successful bidder fails to fulfill this requirement, the deposit is forfeited. The Mortgaged Property shall again be offered for sale under the terms and conditions set forth in this order.

e. The Bank may credit the bid amount the Bank is owed under the Judgment without tender of cash.

f. The sale of the Mortgaged Property is subject to confirmation by this Court, and upon confirmation and receipt of the full purchase price of such sale and payment of any fees and costs owed to the United States Marshal Service, the United States Marshal shall execute and deliver a deed

conveying the Mortgaged Property to the purchaser. The Plaintiff shall be responsible for the fees and costs owed to the United States Marshal Service even if a third party purchases the Mortgaged Property.

g. The Mortgaged Property shall be sold free and clear of any lien or encumbrance except as otherwise provided above.

9. If no bidder meets or exceeds the minimum bid, the United States Marshal or the Marshal's representative shall, without further order of this Court, again offer the Mortgaged Property for public sale under the terms and conditions of this order, subject to a reduction of the minimum bid as established by the Bank.

10. Upon confirmation of the sale of the Mortgaged Property, the United States Marshal shall ascertain the expenses of the sale, including any cost of publication and any expense of preservation, and shall pay any remaining fees, to include the US Marshal's Service commission, out of the sale proceeds. The Marshal shall remit the balance of the sale proceeds to the Clerk of the Court with a statement of the Marshal's costs and expenses.

11. Within thirty (30) days after confirmation of the sales, the Bank shall certify the unpaid balance of the Bank's claim and file with the Clerk a statement providing notice of that balance. To the extent the proceeds of the sale allow, the Clerk shall distribute the amount of the unpaid mortgage balance plus interest and any expense incurred by the Bank to protect the Bank's interest in the Mortgaged Property.

12. Finally, jurisdiction of this Action is retained for no longer than one (1) year to enter further orders that are proper including writs of possession, or any other judgment or order that is necessary or appropriate.

13. The Clerk is directed to terminate any pending motions and close this file.

**DONE AND ORDERED**, in Tampa, Florida, on this 16th day of June, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-787 foreclosure judgment 55.docx

**EXHIBIT "A"**

Parcel 1:
Commence at the Southwest corner of Section 10, Township 37 South, Range 18 East; thence N.0°07'45"W. along the West line of said Section 10, 50 feet to the North of Way line of Clark Road; thence East, along said North Right of Way Line, 674.37 feet for a Point of Beginning; thence West along said North Right of Way line, 160 feet to a concrete monument on the Easterly Right of Way of Bessie Drive (50 feet wide); thence N.28°45'20"W. along said Easterly Right of Way line, 150.0 feet; thence N.61°14'20"E., 150 feet, more or less, to the water line of Clark Lake; thence Southeasterly along said water line, 338 feet, more or less to the Point of Beginning. Together with an access easement over that portion of Bessie Drive (50 feet wide) abutting and lying southwesterly of said property.

Parcel 2:
Commence at the Southwest corner of Section 10, Township 37 South, Range 18 East; thence N.0°07'45"W. along the West line of said Section 10, 50 feet to the North of Way line of Clark Road; thence East along said North Right of Way line, 514.7 feet to a concrete monument, being the point of intersection of the North Right of Way line of Clark Road and the Easterly Right of Way line of Bessie Drive (50 feet wide); thence N.28°45'20"W. along the Easterly Right of Way of said Bessie Drive, 150.0 feet for a Point of Beginning; thence continue N.28°45'20"W., 200.00 feet; thence N.61°14'40"E., 145 feet, plus or minus, to the waters of Clark Lake; thence Southeasterly along the waters of said Clark Lake, 200 feet, plus or minus, to a point lying N.61°14'40"E. of the Point of Beginning; thence S.61°14'40"W., 150 feet, plus or minus, to the Point of Beginning. Being and lying in Section 10, Township 37 South, Range 18 East. Together with an access easement over that portion of Bessie Drive (50 feet wide) abutting and lying Southwesterly of said property.

Physical Address: 3675 Clark Road, Sarasota, Florida 34233